# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JORGE SANCHEZ; ROBERT D. CHILLOUS; PATRICIO E. VELOSO; DARIN EASTMAN; DARIN MAGEE; JEREMY HORYST; GUNTHER MINGO; ANTONIO COLEMAN; DANNY MOORE; JOHN D. MOORE; JOSEPH E. MAPLE JR.; LAMONT WILLIAMS; ERRIK COOPER; KHARY NICHOLAS; DONALD NELSON CURTISS; KEITH LOVELL; and CLINT ADAMS, individually and on behalf of others similarly situated,

Plaintiffs,

v.

NORTHWEST STEEL & PIPE, INC.,

Defendant.

CASE NO. C08-5401RJB

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND FOR AN AWARD OF COSTS AND EXPENSES

This matter comes before the Court on Plaintiffs' Motion to Remand to State Court and for an Award of Costs and Expenses (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On May 30, 2008, the plaintiffs filed suit in Pierce County Superior Court on behalf of themselves and a class of similarly situated individuals alleging that Northwest Steel & Pipe, Inc. ("Northwest Steel) failed to pay employees for time spent working after starting work late, for

ORDER - 1

time spent working after completing regularly-scheduled shifts, and for time spent working during unpaid meal periods. Dkt. 1 at 13-14. The plaintiffs allege violations of RCW 49.46.020, RCW 49.46.090(1), RCW 49.46.130(1), and RCW 49.52.050(2). According to the complaint, all named parties reside or do business in Washington. *Id.* at -11.

On June 25, 2008, Northwest Steel removed this matter to federal court, asserting federal question jurisdiction as follows:

> 4. This Court has original federal question jurisdiction of this action under 29 U.S.C. § 301. Defendant NW Steel thus removes it to this Court under 28 U.S.C. §§ 1441(b) and (c). In their Class Action Complaint, Plaintiffs allege that Defendant NW Steel violated the Washington Minimum Wage Act and sought damages, inter alia, pursuant to a collective bargaining agreement.

Dkt. 1 at 2. The plaintiffs now move for remand, contending that this case does not fall within the Court's federal question jurisdiction.

## II. DISCUSSION

Under federal question jurisdiction, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of actions filed in state court over which federal courts have original jurisdiction is governed by 28 U.S.C. § 1441. The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The courts "have long imposed the burden of proof on the removing party," who must overcome the "strong presumption" against removal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. If after removal it appears that the Court lacks subject matter jurisdiction, the case is remanded. 28 U.S.C. § 1447(c). If the case is remanded, the Court may order the payment of just costs, actual expenses, and attorneys' fees, incurred as a result of the removal. *Id.*

In this case, the plaintiffs seek to remand this matter to state court, contending that the Court lacks jurisdiction over this matter, that the plaintiffs' claims are not preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and that the claims are independent from any collective bargaining agreement ("CBA"). Dkt. 10. Northwest Steel

ORDER - 2

contends that all claims are preempted by Section 301 because this case requires interpretation of collective bargaining agreements to which Northwest Steel is a signatory.

## A.   REMAND

Section 301 of the LMRA, 29 U.S.C. § 185, provides exclusive federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Although this language is limited to "[s]uits for violation of contracts," it has been broadly construed to extend to claims where "resolution of the claims is inextricably intertwined with terms in a labor contract." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000).

The LMRA preempts the application of a state law remedy if the factual inquiry under state law turns on the meaning of any provision of a collective bargaining agreement or if a state law claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001); *see also Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999). Conversely, a state claim that is "free-standing" and does not turn on the meaning of any collective bargaining agreement provision is not subject to preemption. *See Audette*, 195 F.3d at 1113.

In this context, the term "interpret" is defined narrowly to include more than merely "consider," "refer to," or "apply." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). Where the distinction between referring to, and interpreting, a CBA is unclear, courts consider "the totality of the policies underlying § 301 – promoting the arbitration of labor contract disputes, securing the uniform interpretation of labor contracts, and protecting the states' authority to enact minimum labor standards." *Id.* at 1108-09. There is no bright line test for determining whether a claim is preempted: "The demarcation between preempted claims and those that survive § 301's reach is not, however, a line that lends itself to analytical precision." *Cramer*, 255 F.3d at 691.

ORDER - 3

Federal jurisdiction exists only if the federal question appears on the face of a plaintiff's "well-pleaded complaint." *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1406 (9th Cir. 1991). There is no preemption unless interpretation of the CBA "inhere[s] in the nature of the plaintiff's claim," and "[p]laintiffs cannot avoid removal by artfully pleading only state law claims that are actually preempted by federal statutes." *Cramer*, 255 F.3d at 691; *Milne*, 960 F.2d at 1406. Moreover, Section 301 does not permit parties to waive nonnegotiable state rights in a collective bargaining agreement, and parties cannot immunize themselves from suit under state laws by including unlawful behavior in a labor contract in a labor contract. *Balcorta*, 208 F.3d at 1111.

The face of the plaintiffs' complaint does not reveal a basis for this Court's exercise of jurisdiction. All claims include specific references to Washington statutes. Northwest Steel contends, and the plaintiffs do not seriously dispute, that the CBAs afford employees rights and benefits beyond those afforded by Washington's Minimum Wage Act, RCW 49.46. The complaint, on its face, does not invoke those additional rights and benefits, however.

Northwest Steel contends that despite the complaint's reference only to Washington statutes, resolution of the plaintiffs' claims will require interpretation of the CBAs to determine the plaintiffs' compensation. Dkt. 11. The parties do not dispute that the collective bargaining agreements include provisions regarding wage rates and overtime. *See, e.g.*, Dkt. 12, Exh. 1 at 18, 7-8; Dkt. 12, Exh. 2 at 31, 22. Therefore, it is foreseeable that resolution of the plaintiffs' wage claims may require reference to, consideration of, or application of provisions in the CBAs.

Northwest Steel fails to demonstrate that the CBAs must be *interpreted* in order to resolve the plaintiffs' claims. This case is analogous to *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). The dispute in *Burnside* was whether employees were entitled to compensation for time spent traveling between certain meeting sites and jobsites. *Burnside*, 491 F.3d at 1055. The complaint alleged three claims premised on state law and did not reference any collective bargaining agreement. *Id.* at 1058. The Ninth Circuit acknowledged that, depending upon whether the plaintiffs could establish liability, the trial court may have to calculate damages

and, in doing so, may refer to the collective bargaining agreements to determine the appropriate wage rate. *Id.* at 1074. The court held that the state claims were not preempted, however, because the dispute centered on whether the employees were entitled to compensation and not on the amount of compensation owed. *Id.*

Similarly, in this case the parties contest whether the plaintiffs are entitled to overtime compensation and not the amount of such compensation. Accordingly, the Court concludes that while consultation of the CBAs may be of assistance, interpretation of the CBAs is not required, and the plaintiffs' claims are not preempted. Because preemption under the LMRA is the only asserted basis for this Court's jurisdiction, the plaintiffs' motion to remand should be granted.

**B.  AWARD OF FEES AND COSTS**

The plaintiffs seek an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Although ultimately unpersuasive, Northwest Steel's basis for removal was not objectively unreasonable. The Court should therefore decline to award fees and costs pursuant to 28 U.S.C. § 1447(c).

**III. ORDER**

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand to State Court and for an Award of Costs and Expenses (Dkt. 10) is **GRANTED in part** and **DENIED in part** as provided herein and as follows: (1) the request for remand is **GRANTED**, and this matter is remanded to Pierce County Superior Court; (2) the request for fees and costs is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Pierce County Superior Court.

Dated this 25th day of August, 2008.

*Robert J Bryan*
ROBERT J. BRYAN
United States District Judge